IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **RODNEY MEADOWS,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | )   **Case No.** _____ |
| **vs.** | ) |
| | )   **JURY DEMAND** |
| | ) |
| **JOHN DOE and** | ) |
| **GREYHOUND LINES, INC.,** | ) |
| | ) |
|     **Defendants.** | ) |

## COMPLAINT

Plaintiff, **RODNEY MEADOWS,** for his complaint against the Defendants, **JOHN DOE and GREYHOUND LINES, INC., INC.,** state as follows:

1. The Plaintiff, Rodney Meadows is an adult resident citizen of Atlanta, Georgia.

2. The Defendant, John Doe, upon information and belief, is an adult resident citizen not in Tennessee, and he is an employee/agent of Greyhound Lines, Inc., Inc.

3. The Defendant, Greyhound Lines, Inc., is a foreign corporation doing business in the State of Tennessee. It may be served through its registered agent C. T. Corporation, 300 Montvue Street, Knoxville, Tennessee 37919, and is the registered owner of the vehicle involved herein.

4. The claims for relief of the Plaintiff arise from an event which occurred in Tennessee. Venue is proper pursuant to TCA 20-4-101(a).

5. Jurisdiction of this matter is based on diversity of citizenship pursuant to 28 U.S.C.S. § 1332 (a)(1) and (c)(1).

6. The amount in controversy exceeds Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and is between citizens of different states.

7. Venue of this matter is controlled by 28 U.S.C. § 1391 (a) and (c).

8. All events which form the basis of this Complaint for Damages are based in tort and occurred in Tennessee.

## COUNT I – NEGLIGENCE

9. At all times material herein, the Defendant John Doe, was operating a bus which was owned and/or controlled and/or maintained by the Defendant, Greyhound Lines, Inc. Upon information and belief, said vehicle is titled to and registered to the Defendant, Greyhound Lines, Inc.

10. On or about August 31, 2019, the Plaintiff was a passenger on a bus owned, operated, and maintained by the Defendant Greyhound Lines, Inc.

11. Said bus was being driven by Defendant John Doe which Plaintiff initially boarded in Cleveland, Ohio, on the way to his destination of Atlanta, Georgia.

12. Plaintiff boarded a connecting bus in Knoxville, Tennessee, which was supposed to have transported him to Chattanooga, Tennessee, where he would have caught his final connecting bus to Atlanta, Georgia.

13. Plaintiff took a seat near the middle of the bus and fell asleep. Plaintiff was subsequently awoken by shouts from one or more passengers that the bus was on fire, and the bus was filled with smoke.

14. Defendant John Doe instructed the passengers to exit the bus as it was not safe and stated that another bus would be sent to pick up the passengers. Defendant John Doe subsequently instructed the passengers to re-board the bus, as it was not safe to stand on the side of the highway in the early morning hours waiting.

15. Plaintiff re-boarded the bus as instructed by Defendant John Doe, and it took several hours before Defendant Greyhound sent a replacement vehicle. At all times Plaintiff was back on the bus waiting, the bus was still filled with the smell of acrid smoke.

16. From the time that Plaintiff initially awoke to the smoke-filled bus until he reached his final destination of Atlanta many hours later, he experienced difficulty breathing including coughing, wheezing, and tightness in his chest which progressively worsened.

17. The Defendants were negligent in their failure to properly inspect the bus and Defendant John Doe was negligent in his failure to promptly recognize the dangerous situation of the smoke and/or fire on the bus. He was further negligent in placing the Plaintiff in further danger by instructing him to re-board the smoke-filled bus. Further, the Defendants were negligent in not promptly obtaining emergency assistance and letting the Plaintiff and other passengers sit on a smoke filled bus for hours before providing alternate transportation for him. As a direct and proximate result of Defendants negligent conduct, the Plaintiff suffered serious disabling and permanent bodily injuries which have required him to incur or become liable for certain hospital, medical and other expenses.

18. At all relevant times, Defendant John Doe was operating the vehicle owned by Greyhound Lines, Inc. and while working for and on behalf of Greyhound Lines, Inc. was in the course and scope of his employment or agency relationship while on the business of and with the permission of Greyhound Lines, Inc. and under its supervision and control. Greyhound Lines, Inc. is liable for the negligent actions and omissions and breaches of duty by Defendant John Doe pursuant to Tennessee Code Annotated §§ 55-10-311 and 55-10-312, the doctrine of *respondeat superior*, the doctrine of agency and/or the Federal Motor Carrier Safety Regulations.

19. As a direct and proximate result of said incident and the Defendants' negligent conduct, Plaintiff suffered bodily injuries which resulted in pain and suffering, mental anguish, and loss of capacity for enjoyment of life. Plaintiff has suffered great pain and discomfort as a result of the injuries he sustained in this incident.

20. Due to the sole, direct and proximate result of the negligence of the Defendants, the Plaintiff has been injured and his injuries include, but are not limited to the following particulars, to-wit:

    a. Physical pain and suffering associated with injuries he received in the accident as a past, present and future nature;

    b. Loss of enjoyment of life;

    c. Cost of medical treatment of a past, present and future nature.

WHEREFORE, PLAINTIFF DEMANDS THE FOLLOWING:

1. That proper process issue and be served upon Defendants and that the Defendants be required to appear and answer this complaint within the time required by law;

2. That the Plaintiffs be awarded a judgment against the Defendants in the amount of One Hundred Fifty Thousand and 00/100 Dollars ($1,500,000.00) for bodily injury, medical expenses, future medical expenses, permanent impairment, pain and suffering, emotional distress, loss of enjoyment of life, and other related compensatory damages;

3. That the costs of this action be taxed to the Defendants;

5. That Plaintiff has such other and further relief as the Court deems appropriate in the circumstances;

6. The Plaintiffs demand that jury of six (6) persons be impaneled to try this case.

Respectfully submitted,

PORTH LAW, PLLC

By: /s/ Jennifer M. Porth
**Jennifer M. Porth, BPR #026537**
P.O. Box 522
706 West Main Street
Lebanon, Tennessee 37088
(615) 547-4105 office
(615) 528-9433 facsimile
*porthlaw@gmail.com*

*Attorney for Plaintiff*